INHABITANTS OF NEEDHAM *vs.* CHARLES W. MORTON
& others.

Middlesex. January 17, 18, 1888. — April 6, 1888.

Present: MORTON, C. J., FIELD, DEVENS, W. ALLEN, C. ALLEN, HOLMES,
& KNOWLTON, JJ.

*Tax — Collector of Taxes — Bond — Interest.*

A collector of taxes, who was chosen by a town as being the lowest bidder, paid over, in accordance with his bond, the full amount of the taxes committed to him, whether actually collected or not, at the dates specified, but withheld the interest added to all taxes unpaid after a certain time by a vote of the town under the Pub. Sts. c. 11, § 67, and collected by him from the delinquent taxpayers. *Held,* that he was entitled to such interest.

CONTRACT upon two bonds given to the plaintiff, in the years 1883 and 1884, by the first-named defendant as principal, and by the other defendants as sureties, the condition of each bond being as follows:

" The condition of this obligation is such, that whereas said C. W. Morton having been chosen and duly sworn as collector for said town of Needham, for the ensuing year, — now, therefore, if the said Morton shall during the current year faithfully discharge the duties of his office by collecting all taxes to him committed by the assessors of said town, and by making all payments agreeable to collector's warrant, then this obligation shall be void, otherwise remain in full force."

Trial in the Superior Court, without a jury, before *Hammond,* J., who reported the case for the determination of this court, in substance as follows.

In both 1883 and 1884, following an ancient practice of the town, the office of collector of taxes was sold at public auction at the annual town meeting to the lowest bidder, and such lowest bidder was subsequently duly elected as such collector. In both years Morton was the lowest bidder, and was subsequently elected collector.

The warrant for each annual meeting contained an article "to see how the town will have its taxes collected the ensuing year," and the votes of the town thereat recited that "the col-

lection of taxes be put out to the lowest bidder"; that "interest at the rate of one half of one per cent a month shall be charged on all taxes remaining unpaid after the first day of November"; and that "the collector shall guarantee and be held to pay to the treasurer the full amount of taxes committed to him for collection, except such as may be abated by the assessors, and shall not receive his commission for collecting except as he pays to the treasurer. He shall pay to the treasurer the taxes from time to time as he collects them; on or before the tenth day of November, he shall have paid him a sum equal to one half the amount of the taxes committed to him for collection; he shall pay the county tax as required by the warrant of the county commissioners; and on or before the first day of January, 1885, shall pay to the treasurer a sum equal to one half of the remainder of said taxes, and the balance on or before the first day of February, 1885. It shall be the duty of the treasurer to collect from the collector forthwith all sums not paid by him within the time specified in his warrant."

In each year the assessors issued to Morton, as collector, their warrant, which, after reciting that he was to levy and collect a State, county, and town tax, and pay over the first two taxes on certain dates, set forth that the last-named tax was to be paid over to the town treasurer on or before the dates mentioned in the above votes, and in specified amounts, aggregating the entire tax, and that "for services for collecting said taxes, by vote of said town, you are to have, as compensation therefor, the sum of one and one half per cent on the total amount, as collected by you, of the taxes contained in said list. And you are hereby ordered, in accordance with a vote passed by said town, at said meeting, and in accordance with the laws of said Commonwealth, to collect interest at the rate of six per cent upon all taxes not paid on or before the first day of November next, until fully paid." Pursuant to these warrants, the defendant Morton paid over, less his commissions to the town treasurer, in each of said years, the full amounts specified therein to be payable upon different dates, (unless the interest directed to be charged to individual tax-payers after November 1 upon uncollected taxes, by the above recited votes, should have been included in said amounts,) either upon said dates, or shortly

subsequent thereto; and whenever delay occurred in making any of such payments, interest at the rate of six per cent from the date called for by the warrants to the date of such payments was also paid by Morton to the treasurer.

In each year, between the time fixed by the above votes at which interest upon taxes should begin to accrue, and the time at which, under the warrants, Morton's full and final payments were required to be made, he collected from individual taxpayers various sums as interest on their overdue taxes, at the rate established, which sums, together with other sums which ought to have been so collected and paid over to the treasurer, if Morton was bound to collect and pay over to him all interest received from individual tax-payers, exceeded the actual amount of interest paid by Morton to the treasurer. For such sums received as interest from individual tax-payers, and for those which should have been collected from them if the contention of the town is valid, Morton refused to account, or to pay over to the town treasurer, claiming that by the payments made by him he had fully complied with the terms of the warrants, and with his duty as collector. The plaintiff contended that, in addition to the payments made by him, Morton was liable to account for and pay over to the treasurer all sums received by him as interest on overdue taxes from individual tax-payers, and all sums chargeable as interest to individual tax-payers, whether or not the same was wholly or partially collected.

The judge also found the following to be facts, if material. For many years the town of Needham had annually elected its collector, in the manner and according to the proceedings above stated; its assessors had issued their warrants in substantially the same form as the above; and the collector had accounted with the treasurer on the basis claimed by the defendants to be the true one. During the same years the annual reports of the treasurer had been accepted by the town. All these facts were known to Morton when he bid off the taxes, and subsequently qualified as collector, and no other rule of settlement had ever been claimed by the plaintiff until after the election and qualification of Morton in the year 1884. In each of the years 1883 and 1884 Morton also accounted for and paid over to the treasurer, under his assumption and guaranty of the tax lists, large

sums which were uncollectible, and which were paid to the treasurer out of his private funds.

The judge ruled that upon these facts the plaintiff was entitled to recover, and found for the plaintiff for the penal sum of each bond. If the ruling was wrong, judgment was to be entered for the defendants; otherwise the case was to be sent to an assessor.

The case was argued at the bar in January, 1888, and afterwards was submitted on the briefs to all the judges.

*F. D. Ely*, for the plaintiff.

*C. A. Mackintosh*, for the defendants.

DEVENS, J. To let out the collection of taxes to the lowest bidder whom the town will accept has been held not to be illegal. *Alvord* v. *Collin*, 20 Pick. 418. *Howard* v. *Proctor*, 7 Gray, 128. Such was in effect the transaction between the plaintiff town and the defendant. After the vote of the town prescribing the terms of the contract to be made by the collector, and after the bid was made, Morton was formally elected collector of taxes. The previous proceedings must be deemed to have taken place subject to the contingency that Morton should be elected, and derive their validity from such election. It is competent for the town to determine the compensation which the collector shall receive, the mode in which he shall perform his duties, and to some extent the responsibility he shall be subjected to in their performance.

By the condition of his bonds, which are here in suit, Morton was bound faithfully to " discharge the duties of his office by collecting all taxes to him committed by the assessors of said town, and by making all payments agreeable to collector's warrant." By the vote of the town the collector was held to pay to the treasurer the full amount of the taxes committed to him for collection except such as might be abated by the assessors, and his bond required him to pay these in certain specified sums at certain dates. These payments added together amount to the sum of the whole tax. He was obliged to make these payments whether he had or had not, using all reasonable diligence, actually made sufficient collections therefor at the dates specified. These payments he has made substantially at the times specified in his bond, paying interest on all the sums overdue

according to his contract when any delay has occurred in such payments.

The Pub. Sts. c. 11, § 67, provide that the town "may vote that, on all taxes remaining unpaid after a certain time, interest shall be paid at a specified rate, . . . . and the interest accruing under such vote . . . . shall be added to, and be a part of, such taxes." The town by its votes fixed a certain time when interest would begin to accrue on taxes overdue, and the warrant authorized Morton to collect the same, and various sums were collected by him as interest on overdue taxes, which sums added to other sums of interest on overdue taxes, which ought to have been collected and paid over to the treasurer, if Morton was bound to collect and pay over all interest due from individual tax-payers, exceeded the amount of interest paid by Morton on delayed payments as above stated. It is the contention of the plaintiff, that Morton was liable to account for and pay over to the treasurer all sums thus received by him as interest on overdue taxes from individual tax-payers, and also on all sums chargeable as interest to individual tax-payers, whether or not the same were wholly or partially collected.

It would not be doubted, in case of a collector paid by a fixed salary or commissions, and not made responsible to pay over the whole tax at specified dates fixed arbitrarily by the town for its own convenience, that the town would be entitled to insist upon the collection of the sums of interest due from individual tax-payers, and the payment of them to the treasurer. But the interest thus collected is intended to compensate the town for the inconvenience to which it has been subjected by the delinquency of the tax-payer, and not as a substantive addition to its revenue. Whether the individual tax-payer paid promptly or not, by the contract it had made it received the original tax at the precise times it required. Even if the taxes were never collected except so far as they were abated by the assessors, the town was to receive, and did receive, the full amount of them. It is found that in each of the years to which the bonds relate, Morton has accounted for and paid over to the treasurer, under his assumption and guaranty of the tax lists, large sums which were uncollectible, and which were in fact paid from his private funds. Neither delay in payment nor actual non-payment made

any difference to the town under the contract it had made; the collector bore the burden of each. While the statute authorizes these sums of interest to be treated as a part of the taxes, the fair construction of the defendant Morton's bond is, that he is to account for the taxes there described, which are the taxes originally assessed, and not for additions thereto which arise from the default of individuals. The payments which he is bound specifically to make are arithmetical divisions which together equal the sum assessed. There is no provision that in any event he shall pay more. If he is obliged to do this, the curious anomaly results that the town may receive interest twice on the same sum, once on account of non-payment by the collector to it, and again by the failure to pay the collector.

In consideration of the guaranty of its taxes, and of the payment of them at the specified times, the town intended to place the collector in its own situation so far as the collection of them was concerned, and to give to him the same remedies with which it was provided when there was delinquency on the part of the tax-payer. Such was the object of the vote imposing interest upon the delinquent, and it should go to him who, under the contract between the plaintiff and the defendant, has suffered by the delay. The bond was not made with reference to it, nor could it have been so made in the form adopted for the payment of specified sums at fixed dates, as it was entirely uncertain what sum the interest upon these overdue payments would amount to, or indeed whether there would be any.

Without considering whether the plaintiff is estopped by reason of its conduct in former years, or by any assent given to settlements of former contracts with its treasurer on this basis, it certainly tends to show that the construction we have given is the natural one, when it is observed that the town officers, and, so far as known to it, the town, have recognized this as the one to be adopted.                *Judgment for the defendants.*